**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| CHRISTOPHER LEE CYR, | ) | |
| Petitioner, | ) | 2:07-cv-01264-RLH-RJJ |
| vs. | ) | |
| | ) | ORDER |
| VARE, Warden, et al., | ) | |
| Respondents. | ) | |

      On June 3, 2008, the court entered an order dismissing without prejudice the habeas corpus petition in this case (docket #5). Judgment was entered on the same day (docket #7). The petitioner was dismissed because petitioner was denied leave to proceed in *forma pauperis* and failed to pay the $5 filing fee.

      On June 16, 2008, petitioner filed a Notice of Appeal. The Ninth Circuit Court of Appeals has remanded the matter for this court to determine whether to issue a certificate of appealability (docket #19).

      The Court will deny petitioner's application for a certificate of appealability. The standard for the issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. §2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The Court finds that petitioner has not met this standard.

Although the petition was dismissed without prejudice for the petitioner's failure to timely pay the $5 filing fee, a review of the petition itself reveals that it is unlikely that it would survive the court's initial review as it was untimely filed. According to the petition, petitioner's conviction was final in 2002. He did not appeal the conviction and did not file a state post-conviction petition. Some four and one-half years later, petitioner submitted the instant petition for federal review. Thereafter, when ordered to do so, he failed to ensure that the $5 filing fee was paid. The petition was dismissed without prejudice.

The Court finds that jurists of reason would not find debatable the question whether petitioner's habeas corpus petition was filed within the time allowed by the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA).

**IT IS THEREFORE ORDERED** that petitioner's application for issuance of a certificate of appealability (docket #20) is **DENIED**.

Dated this ____28th____ day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE

-2-